## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

REIS LOPEZ,

        Petitioner,

vs.                                                                                       No. CIV 19-0892 JB\SCY

LUIS ROSA and the
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

        Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C.

§ 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 25, 2019

(Doc. 1)("Petition").   Petitioner Reis Lopez challenges the constitutionality of his 1994 state court

convictions for, inter alia, felony murder.   See Petition at 1.   The Honorable Steven Yarbrough,

United States Magistrate Judge for the United States District Court for the District of New Mexico,

previously ordered Lopez to show cause why the Court should not dismiss his Petition as untimely

under 28 U.S.C. § 2244(d)(1)(A).   See Opinion and Order to Show Cause at 4, filed May 22, 2020

(Doc. 4)("OSC").   Because Lopez has not responded, and because the Court independently

researched the state docket to confirm the time-bar, the Court will dismiss this habeas action with

prejudice.

## FACTUAL BACKGROUND

The Court takes the following background information from the Petition and Lopez' state

court criminal docket (State v. Lopez, Case No. D-1314-CR-1993-105), which is subject to judicial

notice.   See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(courts have

"discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning

matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 F. App'x 792, 794 (10th Cir. 2016)(concluding that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").[1]

On November 17, 1994, a state jury convicted Lopez of felony murder, attempted armed robbery, and aggravated battery with a deadly weapon.  See Petition at 1 (citing State v. Lopez, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico).   The state court sentenced Lopez to life imprisonment for murder; three years for robbery; and four years for battery.   See Petition at 1; State v. Lopez, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico, Amended Judgment, Sentence, and Commitment, filed May 23, 1996.   The murder sentence ran concurrently with the robbery sentence, but the battery sentence ran consecutively to the other sentences.   See State v. Lopez, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico, Amended Judgment, Sentence, and Commitment.   Lopez filed a capital appeal with the Supreme Court of New Mexico ("NMSC").

---

[1]Mitchell v. Dowling is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . .   And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Mitchell v. Dowling and the other published opinions cited herein, Taylor v. Wade, 789 F. App'x 674 (10th Cir. 2019); Rojas-Marceleno v. Kansas, 765 F. App'x 428 (10th Cir. 2018); Clay v. Jones, 491 F. App'x 935 (10th Cir. 2012); and Gunderson v. Abbott, 172 F. App'x 806 (10th Cir. 2006), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

<u>See</u> Petition at 2.

On May 29, 1996, the NMSC vacated the robbery conviction and affirmed the remaining counts.   <u>See</u> Petition ¶ 9, at 2; <u>State v. Lopez</u>, 1996-NMSC-036, 920 P.2d 1017.   Because the robbery and murder sentences ran concurrently, the reversal did not result in a sentence reduction. The NMSC issued its final mandate on June 25, 1996, and Lopez did not further appeal   <u>See</u> Petition at 2.   <u>See also</u> <u>State v. Lopez</u>, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico, Mandate No. 22,630 filed June 25, 1996.   The conviction therefore became final on September 24, 1996, following expiration of the ninety-day period for seeking certiorari review with the Supreme Court of the United States of America.   <u>See</u> <u>Rhine v. Boone</u>, 182 F.3d 1153, 1155 (10th Cir. 1999)(stating that, for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [ninety-day] time for filing a petition . . . has passed").

Both the Petition and the state court docket reflect there was no case activity for over six years.   <u>See</u> Petition at 3.   <u>See</u> <u>also</u> <u>State v. Lopez</u>, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico, Docket Sheet.   On January 30, 2003, Lopez filed a state habeas petition.   <u>See</u> Petition ¶ 11, at 3.   The state court dismissed the petition for lack of prosecution on July 31, 2007.   <u>See also</u> <u>State v. Lopez</u>, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico, CLS: Dismissal by Lack of Prosecution in State of New Mexico.   Thereafter, Lopez filed a series of state motions for reconsideration and habeas relief.   <u>See</u> <u>State v. Lopez</u>, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico, Docket Sheet.   The NMSC issued an Order denying Lopez' petition for writ of certiorari in connection with his most recent state habeas petition on September 17, 2018.   <u>See</u>

Lopez v. Warden, New Mexico Supreme Court Order at 1 (dated September 17, 2018), filed September 25, 2019 ("Order").

On September 25, 2019, Lopez filed the federal 28 U.S.C. § 2254 Petition.   See Petition at 1.   The Petition alleges that state trial counsel was ineffective for failing to propose a jury instruction that included a mens rea requirement for felony murder.   See Petition at 5.   The Court referred the matter to the Magistrate Judge Yarbrough for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed September 25, 2019 (Doc. 2).   By the OSC entered May 22, 2020, Magistrate Judge Yarbrough screened the Petition under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010 (hereinafter, "Habeas Corpus Rule"), and determined Lopez' claims plainly appear time-barred.   See OSC at 4.   The OSC set forth the grounds for statutory and equitable tolling, and directed Lopez to demonstrate why the Court should not dismiss the case as untimely.   See OSC at 5.

The show-cause deadline expired on June 22, 2020.   See OSC at 5.   Lopez has not filed a response.   The docket reflects that Lopez also recently severed contact with the Court.   On May 29, 2020, the Northwest New Mexico Correctional Center returned a mailing to Lopez as undeliverable with the notation: "Return to Sender; Refused; Unable to Forward."   Mail Returned as Undeliverable, filed May 29, 2020 (Doc. 5).   In light of Lopez' failure to respond and his decision to sever contact, the Court will rule on timeliness using the existing, uncontested record from the federal and state court dockets.   See Lopez v. Rosa, Docket Sheet, No. CIV 18-0892 JB\SCY; State v. Lopez, Docket Sheet, Case No. D-1314-CR-1993-105, Thirteenth Judicial District Court, State of New Mexico.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.   See 28 U.S.C. § 2244(d).   Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).   The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final.   See 28 U.S.C. § 2244(d).   The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.   See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

- 5 -

This one-year statute of limitations is tolled when a petitioner files a state habeas corpus petition.   Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."   28 U.S.C. § 2244(d)(2).   A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures.   See Holland v. Florida, 560 U.S. 631, 635, 638 (2010); Carey v. Saffold, 536 U.S. 214, 219-20 (2002).   A state habeas petition submitted after the one-year deadline, however, does not toll the limitations period.   See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . .").

The one-year statute of limitations may also be subject to equitable tolling.   Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file.   See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).   Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.   Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 F. App'x 674, 677 (10th Cir. 2019)("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Clay v. Jones, 491 F. App'x 935 (10th Cir.

2012) (stating that a petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner must show that he can satisfy § 2244(d)'s procedural requirements before the Court can address the merits of his or her claims.   See United States v. Greer, 881 F.3d 1241, 1244 (10th Cir. 2018), cert. denied, 139 S. Ct. 374 (2018).   Accordingly, federal courts have authority to consider sua sponte a habeas petition's timeliness on screening.   See Day v. McDonough, 547 U.S. 198, 209 (2006)(concluding that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).   AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.   If, as in this case, the application includes a claim that a state court adjudicated on its merits, § 2254(d) expressly limits federal court review.   Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)-(2).   Under this standard, a federal habeas court "reviews the specific

- 7 -

reasons given by the state court and defer to those reasons if they are reasonable." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court of the United States of America's decisions as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable

- 8 -

application of federal law is not the same as an incorrect application of federal law.   See Williams v. Taylor, 529 U.S. at 410.   A federal court may not issue a habeas corpus writ merely because that court concludes the state court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable.   See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98.   The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents.   See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

In this habeas proceeding, Lopez challenges the constitutionality of his state court convictions for felony murder, attempted armed robbery, and aggravated battery with a deadly weapon.   See Petition at 1.   As noted in the OSC, the Petition reflects that Lopez did not file his claims within the one-year limitation period.   The conviction became final -- and the one-year period began to run -- on September 24, 1996, following direct appeal and expiration of the ninety-day period for seeking federal certiorari review.   See Rhine v. Boone, 182 F.3d at 1155 (holding that, where petitioner fails to seek file certiorari review following a direct appeal, the conviction becomes final after the ninety-day certiorari period has passed).   Lopez' state and federal dockets reflect that there was discernable tolling activity during the next year.   See State v. Lopez, Docket Sheet, Case No. 19-892 JB-SCY, Thirteenth Judicial District Court, State of New Mexico.   Lopez also has not demonstrated grounds for tolling in response to the OSC, which sets forth the legal standards for statutory and equitable tolling.   See OSC at 3.   Accordingly, the Court concludes that the one-year limitation period expired on September 24, 1997, that is, one year after the state criminal conviction became final.

The Court also notes that any state habeas petitions filed after 1997 did not restart the clock or otherwise impact the expired limitations period.   See Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. 2006)("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); Fisher v. Gibson, 262 F.3d at 1142-43 ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after . . . [the] end of the limitations period.").   Thus, to the extent Lopez believes that he could file a timely § 2254 petition within one year after the NMSC denied certiorari relief on September 18, 2018, such confusion is not grounds for tolling.   See Order at 1-2.   As noted above, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."   Marsh v. Soares, 223 F.3d at 1229.   See also Taylor v. Wade, 789 F. App'x at 677; Rojas-Marceleno v. Kansas, 765 F. App'x at 433; Clay v. Jones, 491 F. App'x at 938.

For these reasons, and because Lopez has not responded to the OSC, the Court concludes that his § 2254 Petition filed on September 25, 2019 is time-barred.   The Court will dismiss the Petition with prejudice.

## CERTIFICATE OF APPEALABILITY

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   Here, the limitation period expired about eighteen years

before Lopez filed this habeas proceeding, and he has not attempted to demonstrate the time-bar is debatable.   The Court therefore will deny a certificate of appealability.

        **IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 25, 2019 (Doc. 1), is dismissed with prejudice; (ii) a Certificate of Appealability is denied; and (iii) the Court will enter a separate Final Judgment disposing of the civil case.


_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Reis Lopez
Grants, New Mexico

        *Pro se petitioner*

- 11 -